## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARQUETTA TARVER,

                  Plaintiff,                    Case Number: 2:11-CV-14685

v.                                         HONORABLE GERALD E. ROSEN

ANITA HOLMES, ET AL.,

                  Defendants.

_____/

### <u>ORDER OF SUMMARY DISMISSAL</u>

This matter is pending before the Court on the *pro se* civil rights complaint filed by Marquetta Tarver.  Plaintiff is a state inmate currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan.  In her complaint, Plaintiff claims that the defendants violated her rights under the Eighth Amendment by denying her a single meal.  She seeks money damages and injunctive relief in the form of a requirement that employees be retrained.   The Court will dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a claim upon which relief may be granted.

### I.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

## II.

All of the allegations raised in the complaint arise from an incident which, according to the complaint, resulted in Plaintiff being denied a food tray.  Plaintiff names

2

as defendants: Anita Holmes, Bruce Triplett, Millicent Warren, Richard McKeon, Pamela Sanders, and Ms. Ethridge.  Plaintiff alleges that, on May 28, 2011, while housed in the infirmary at the Huron Valley Correctional Facility, she was served a food tray containing fish, to which she is allergic.  A resident unit officer returned the tray to food service and requested a substitute tray.  Plaintiff alleges defendant Ethridge, a food service worker, refused to send a substitute tray because food service had no paperwork confirming Plaintiff's fish allergy.  In response, a copy of the proper documentation was allegedly sent to Ethridge, who, nevertheless, continued to refuse to provide a substitute tray.  Plaintiff complained to defendant Holmes, assistant food service director.  Holmes informed Plaintiff that food service was not required to send her a substitute tray.

Plaintiff further claims defendant Triplett improperly denied her grievance complaining about the missed meal.  She claims defendant Sanders failed to provide food service with the paperwork required to document her fish allergy.  Finally, Plaintiff sues defendants Warren and McKeon on the ground that they failed to properly train their employees.

## III.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted).  While there is no "static test" to determine whether the conditions of confinement violate the Eighth Amendment,

prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care or sanitation. *Id.* at 346–47. "'Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment'." *Richmond v. Settles*, 2011 WL 6005197, *5 (6th Cir. Dec. 2, 2011) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987)). An Eighth Amendment conditions of confinement claim has both a subjective and objective component. *Id.* The objective component requires a plaintiff to show that the deprivations to which she has been subjected deprived her of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The injury required for a § 1983 claim need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to go forward. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). A single instance of deprivation of a food tray is insufficient to state an Eighth Amendment violation. Miller v. Wertanen, 109 F. App'x 64, 65 (6th Cir. 2004). *See also Bellamy v. Bradley*, 729 F.2d 416, 419-20 (6th Cir. 1984) (holding the loss of a single meal does not rise to the level of an Eighth Amendment violation actionable under § 1983). The facts as alleged do not show Plaintiff was deprived of the minimal civilized measure of life's necessities, nor do they show that the defendants were deliberately indifferent to Plaintiff's health or safety.

4

Additionally, Plaintiff alleges that defendants Warren and McKeon failed to properly train their employees regarding food service.  The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."  *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982).  As discussed, the deprivation of a single meal does not rise to the level of depriving Plaintiff of the minimal civilized measure of life's necessities.  Therefore, Plaintiff cannot show that the defendants Warren and McKeon authorized, approved, or knowingly acquiesced in unconstitutional conduct.

## IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good

faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

      **SO ORDERED**.


               s/Gerald E. Rosen               
               Chief Judge, United States District Court

Dated:  March 22, 2012

I hereby certify that a copy of the foregoing document was served upon Marquetta Tarver, #294684, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197  on March 22, 2012, by ordinary mail.

               s/Ruth A. Gunther          
               Case Manager